# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES VINCENT DELONG,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:17-cv-04594 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In November of 2010, Plaintiff James Vincent Delong applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Irene Ruzin, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 12). On April 6, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

On September 27, 2018, this Court entered a Decision and Order reversing the Commissioner's decision and remanding the case for calculation of benefits. (Docket No. 21). On November 16, 2018, this Court entered an Order approving a Stipulation Awarding Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), in the amount of $6,200. (Docket No. 27).[1]

Presently before this Court is Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406 (b)(1). (Docket No. 28). The Commissioner filed a response indicating that she neither supported nor opposed the motion. (Docket No. 32).

## II. DISCUSSION

**A.　Standard of Review**

Section 406(b) provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

---

[1] Plaintiff's counsel was awarded $5,000 under EAJA in a prior District Court action involving Mr. DeLong. (Docket No. 19 in case number 2:14-cv-03346-PLA).

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

As such, as the Supreme Court has explained, "a prevailing [disability] claimant's [attorneys'] fees are payable only out of the benefits recovered; [and] such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

If the claimant entered into a contingency fee agreement with counsel, the court applies Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id*. at 793. The reviewing court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009).

To determine whether a lawful contingent fee agreement is reasonable, the court considers factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time

3

DECISION AND ORDER – DELONG v BERRYHILL 2:17-CV-04594-VEB

1 expended, and any undue delay attributable to counsel that caused an accumulation
2 of back benefits. *See Gisbrecht*, 535 U.S. at 808*; Crawford*, 586 F.3d at 1151.

**B.     Analysis**

Applying the standard and considering the factors outlined in *Gisbrecht* and *Crawford*, this Court finds that the fee request of Plaintiff's counsel is reasonable for the reasons that follow.

Plaintiff retained counsel and agreed that counsel would receive a contingency fee of twenty-five percent of any past due benefits obtained. (Docket No. 30-2). There is no indication in the record that would give cause for concern as to the quality of counsel's representation or as to any delay attributable to counsel.

Plaintiff's counsel obtained a favorable result, including a remand for calculation of benefits.  Plaintiff's counsel provided detailed time records showing a total of 64.5 hours expended in the course of the two appeals to District Court. (Docket No. 30-3).  This was reasonable under the circumstances, given that two District Court proceedings were involved. See *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000)(finding 33.75 hours of attorney time spent on a social security case average and reasonable).

The amount sought by counsel ($36,957.50), representing 25% of the past due benefits, translates into an effective hourly rate of $572.98.  This is well within the

range of contingency fees approved by other courts in this Circuit. *See Villa v. Astrue*, No. CIV-S-06-0846, 2010 U.S. Dist. LEXIS 6551, at *4 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000.00 per hour, and noting "[r]educing § 406(b) fees after *Crawford* is a dicey business"); *Daniel v. Astrue*, No. EDCV 04-0188, 2009 U.S. Dist. LEXIS 61943, at *4-7 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour).

Accordingly, under the totality of the circumstances, this Court finds that counsel's requested fee of $36,957.50 is reasonable under the applicable legal standard, subject to the requirement that the fee award be offset by the previous EAJA awards in the amount of $11,200.00. *See Gisbrecht*, 535 U.S. at 796.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's application for fees is granted. Section 406(b) fees are allowed in the total amount of $36,957.50 to be paid out of the amount withheld by the Commissioner from Plaintiff's past-due benefits.

In view of the previous payment of EAJA fees in the amount of $11,200.00 to counsel, the Commissioner shall certify payment to counsel of a net fee of $25,757.50. The balance of the withheld funds shall be paid to Plaintiff.

5

DECISION AND ORDER – DELONG v BERRYHILL 2:17-CV-04594-VEB

## IV. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion is GRANTED, with fees in the amount of $36,957.50 approved as requested pursuant to Section 406 (b) of Title II of the Social Security Act, with the fees to be disbursed as stated herein.

DATED this 5th day of April, 2019,

<u>/s/Victor E. Bianchini</u>
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE